UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FRANCIS JOSEPH BURGER, III AND
LYNNE PRINGLE BURGER                                                    PLAINTIFFS

V.                                              CIVIL ACTION NO. 1:07cv48-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY                          DEFENDANT

## ORDER

_____In accordance with the Memorandum Opinion I have this day signed, it is

**ORDERED**

That the motion [6] of State Farm Fire and Casualty Company to dismiss this action pursuant to F.R.Civ.P. 12(b)(7) for failure of the plaintiffs to join a party under F.R.Civ.P. 19 is hereby **DENIED IN PART and GRANTED IN PART**;

That in so far as State Farm Fire and Casualty Company's motion seeks dismissal of the complaint, the motion is **DENIED**;

That in so far as State Farm Fire and Casualty Company's motion seeks the joinder of the mortgage lender or ratification by the mortgage lender of the plaintiffs' prosecution of this action, the motion is **GRANTED**;

That the plaintiffs shall mail a copy of the Memorandum Opinion and a copy of this Order to the mortgage lender who is shown as a loss payee or an additional insured on the State Farm policy at issue. The plaintiffs shall file into the record in this case a certificate of mailing these two documents.

That the mortgage lender may exercise one of three options:

1.      The mortgage lender shall have the option of intervening in this action and participating as a party in alignment with the plaintiffs.  In order to select this alternative, the mortgage lender shall file a complaint for intervention setting out a concise summary of its claim for relief and the facts that support its interest in the pending action.  The complaint in intervention must be filed within thirty days of this order;

2.      The mortgage lender shall have the option of approving and ratifying the actions of the plaintiffs in bringing and prosecuting this action and shall

thereby agree to be bound by the ultimate decision in this action.  In the event the mortgage lender chooses this option, the lender must do so by filing a written statement into the record in this case indicating his approval and ratification of the prosecution of this action by the plaintiffs. This approval and ratification must be filed within thirty days of the date of this order;

3.      The mortgage lender shall have the option to take no action.  This will result in the mortgage lender being made a party defendant under F.R.Civ.P. 19, subject to being realigned as a plaintiff if the mortgage lender's interests are found to be substantially identical to the interests of the plaintiffs vis the insurance contract.

*Eikel v. States Marine Lines, Inc.*, 473 F.2d 959 (5th Cir.1973); See *Necaise v. Oak Tree Savings Bank, SSB*, 645 So.2d 1311 (Miss.1994).

In all events, any judgment which may be ultimately rendered in this action will be payable in accordance with Mississippi law and the insurance contract, as the interests of those who are shown as insureds and loss payees in the insurance contract may appear.

**SO ORDERED** this 30th day of March, 2007.


s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE